UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARTAGNAN HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-cv-02353 PLF |
| ) | Judge Paul L. Friedman |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS, LOCAL 26, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 26'S MOTION TO DISMISS

Defendant International Brotherhood of Electrical Workers, Local 26 ("Local 26"), by counsel, respectfully moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint filed by Plaintiff Dartagnan Howard. The accompanying Memorandum of Points and Authorities sets forth the basis for this Motion.

Respectfully submitted,

Dated: January 24, 2008

/s/
Ellen O. Boardman (D.C. Bar #375563)
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, N.W.
Washington, DC 20016
(202) 362-0041

Counsel for Defendant International
Brotherhood of Electrical Workers
Local 26

171890_1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARTAGNAN HOWARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL BROTHERHOOD OF )<br>ELECTRICAL WORKERS, LOCAL 26, *et al.*, )<br>)<br>Defendants. )<br>) | Civil No. 1:07-cv-02353 PLF<br>Judge Paul L. Friedman |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 26'S MOTION TO DISMISS**

Defendant International Brotherhood of Electrical Workers Local No. 26 ("Local 26" or "Union"), by counsel, respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint. As shown below, the Complaint fails to state a claim as a matter of law under the Age Discrimination in Employment Act ("ADEA"), the statutory basis upon which this lawsuit appears to be founded. The claims raised in the Complaint are untimely. Moreover, they are insufficient on their face to state a claim for which relief could be granted. Accordingly, dismissal of this lawsuit in its entirety with prejudice as to Defendant Local 26 is appropriate.

**STATEMENT OF FACTS**

Plaintiff filed the Complaint in this case on December 19, 2007, against the International Brotherhood of Electrical Workers, Local 26, the National Electrical Contractors Association, the Joint Apprenticeship and Training Committee, R.G. Murphy, and W.R. Cleland. Docket #1. Plaintiff's Complaint alleges jurisdiction under Title VII of the Civil Rights Act of 1964

(although his claims are alleged under the ADEA), and diversity jurisdiction. Docket #1. The substantive allegations of the Complaint consist solely of the following:

> Now comes plaintiff, Dartagnan Howard, to plead, that he was injured by defendants listed in the suit, by violation of the age discrimination act, by conspiracy to violate the age discrimination act, by retaliation against plaintiff, by conspiracy to retaliate against plaintiff, by 'failure to aid' plaintiff, and by failure to protect plaintiff from injury.

Docket #1. Plaintiff does not state how he was injured by defendants nor does he set forth facts supporting his claims of conspiracy, retaliation, conspiracy to retaliate, "failure to aid plaintiff" and "failure to protect plaintiff from injury." Plaintiff's "Demand for Relief" seeks monetary damages for each of the above allegations of wrongdoing. Docket #1. Plaintiff attached to his Complaint the Dismissal and Notice of Rights letter he received from the EEOC Jackson, Mississippi office dismissing a charge he filed against the Union. *See* Docket #1.

## ARGUMENT

### A. Applicable Legal Standard

#### 1. *Standard of Review*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that the "following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Motion to Dismiss based upon Rule 12(b)(6) "'tests the legal sufficiency of the complaint.'" *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 173 (D.D.C. 2003), *quoting ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 472 (D.C. Cir. 1991). "'A plaintiff's obligation to provide the 'grounds' for 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. Factual allegations must be enough to raise the right of relief above a speculative level.'" *Lutz v. U.S.*, No. 06-1177, 2007 U.S. Dist. LEXIS 48114, at *4 (D.D.C. July 5, 2007),

*quoting Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In a motion to dismiss for failure to state a claim, the allegations of the plaintiff's complaint must be presumed true and all reasonable factual inferences should be construed in the plaintiff's favor. *Lee v. Wolfson*, 265 F. Supp. 2d 14, 17 (D.D.C. 2003). However, this standard does not require the court to "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Dismissal pursuant to Rule 12(b)(6) is appropriate both when the substantive claim is not sufficient as a matter of law, as well as when the complaint is procedurally deficient. *See, e.g., Lee v. Wolfson*, 265 F. Supp. 2d at 20 (dismissal for timeliness); *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d at 178 (dismissed for lack of standing); *Lutz v. U.S.*, No. 06-1177, 2007 U.S. Dist. LEXIS 48114, at *4 (D.D.C. July 5, 2007) (failure to exhaust administrative remedies).

### 2.   *Applicable Statute of Limitations*

Plaintiff's claims are barred by the applicable statute of limitations. A plaintiff alleging a violation of the ADEA has 90 days from the date of receipt of an EEOC Dismissal and Notice of Rights letter in which to file a civil action in federal court. *See* 42 U.S.C. § 2000e(5)(f)(1) (2006).[1] The 90 day filing period is not a jurisdictional requirement, but rather a statute of

---

[1] 42 U.S.C. § 2000e(5)(f)(1) provides:

> If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, *shall so notify the person*

limitations. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 398 (1982). This court presumes that a Dismissal and Notice of Rights letter ("right-to-sue letter") is mailed on the date of its issuance. *See Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995). Moreover, "Federal Rule of Civil Procedure 6(e) creates a presumption that the letter was received three days after it was mailed." *Griffin v. Acacia Life Ins. Co.*, 151 F. Supp. 2d 78, 80 (D.D.C. 2001), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984). Dismissal is thus appropriate where a complaint is filed more than 90 days after the presumptive receipt of a right-to-sue letter. *See James v. England*, 226 F.R.D. 2, 8 (D.D.C. 2004); *Anderson*, 886 F. Supp. at 97.

### 3.  *Failure to Comply with Fed. R. Civ. P. 8*

Plaintiff's Complaint does not set out grounds showing that he is entitled to relief. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to make a "short and plain statement of the claim showing that the pleader is entitled to relief." This statement must include some facts supporting the plaintiff's claim for relief. *See Lutz*, 2007 U.S. Dist. LEXIS 48114, at *12. A complaint which alleges no facts to support a claim for relief is not sufficient to provide the defendant "'fair notice' of the nature of the claim, [nor the] 'grounds' on which the claim rests." *Id., citing Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007). This court has recognized that a motion to dismiss is appropriate where a plaintiff merely attaches an EEOC

---

> *aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.*

(Emphasis added.)

4

right-to-sue letter to his complaint but fails to set forth facts to support the allegations of discrimination. *See Anderson*, 886 F. Supp. at 96.

### B.   The Complaint Should Be Dismissed with Prejudice

#### 1.   *The Plaintiff's Claims Are Untimely*

In this case, Plaintiff attached the right-to-sue letter to his Complaint. *See* Docket #1. "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Thus, a document that constitutes an integral component of plaintiff's claim may be considered on a motion to dismiss without converting it to a motion for summary judgment. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002).

The Dismissal and Notice of Rights clearly indicates that it was mailed on July 31, 2007. Assuming that Plaintiff ultimately received the letter on August 3, 2007, three days later, the 90 day filing period would have ended on November 1, 2007. Plaintiff filed his lawsuit on December 19, 2007, well beyond the applicable limitation period. Because it is untimely filed, Plaintiff's Complaint fails as a matter of law to state an ADEA claim. Dismissal with prejudice is thus appropriate.

#### 2.   *The Complaint Fails to Plead Cognizable Claims*

Plaintiff's bare and conclusory assertions that he was injured by violation of the ADEA, retaliation, conspiracy to violate the ADEA and Defendants' failure to aid and protect the Plaintiff do not constitute the "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Complaint includes no facts that support any claim of discrimination under the ADEA, or that connect Defendant with the alleged injuries to Plaintiff. The Complaint should thus be dismissed

5

as it fails to satisfy basic pleading requirements. *See, Lutz*, 2007 U.S. Dist. LEXIS 48114, at *12; *Anderson*, 886 F. Supp. at 96.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

/s/ Ellen O. Boardman
Ellen O. Boardman (D.C. Bar #375563)
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, N.W.
Washington, DC 20016
(202) 362-0041

Counsel for Defendant International
Brotherhood of Electrical Workers Local 26

Dated: January 24, 2008
172077_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARTAGNAN HOWARD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL BROTHERHOOD OF )<br>ELECTRICAL WORKERS, LOCAL 26, et al. )<br>)<br>Defendants. )<br>) | Civil No. 1:07-cv-02353 PLF<br>Judge Paul L. Friedman |

### ORDER

Upon consideration of Defendant, International Brotherhood of Electrical Workers, Local 26's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Memorandum of Points and Authorities in support thereof, and the entire record herein, it is, on this _____ day of _____, 2008,

ORDERED that Defendant's Motion is GRANTED; and it is further

ORDERED that Plaintiff's claims against Defendant, International Brotherhood of Electrical Workers, Local 26 are dismissed with prejudice.

_____
THE HONORABLE PAUL L. FRIEDMAN
United States District Court Judge

172066_1

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of January 2008, a true and accurate copy of Defendant International Brotherhood of Electrical Workers, Local 26's Motion to Dismiss, Memorandum of Points and Authorities in support thereof, and a Proposed Order was served via first class, postage prepaid mail on the following:

>Dartagnan Howard
>Pro Se
>268 Jeffer Drive
>Waggaman, LA  70094
>
>William P. Dale
>McChesney & Dale, P.C.
>4000 Mitchellville Road
>Suite 222B
>Bowie, MD  20716

/s/
Ellen O. Boardman

172076_1.DOC