**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DARTAGNAN HOWARD, ) | |
| ) | |
| Plaintiff, ) | CASE NUMBER:  1:07-cv-02353-PLF |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF ELECTRICAL WORKERS #26 et al ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Defendants, National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, R.G. Murphy and W.R. Cleland ("Defendants"), and pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, files its Motion to Dismiss Plaintiff's Complaint. In support of its Motion, Defendants state as follows:

1. Plaintiff has attempted to allege causes of action for violation of the "Age Discrimination Act, conspiracy to violate the age discrimination act, retaliation against Plaintiff, conspiracy to retaliate against Plaintiff, 'failure to aid' Plaintiff, and failure to protect plaintiff from injury."  Plaintiff's complaint appears to be made pursuant to the Age Discrimination in Employment Act ("ADEA"), yet Plaintiff has offered no facts in support of these allegations.

2. Plaintiff has attached as an exhibit to his complaint a copy of the Dismissal and Notice of Suit Rights from the Equal Employment Opportunity Commission, dated July 31, 2007, notifying Plaintiff of his right to bring suit under the ADEA within 90 days of receipt. Plaintiff's complaint was filed on December 19, 2007.

3. The Complaint should be dismissed in its entirety because Plaintiff failed to file the Complaint within 90 days of receipt of letter of dismissal and notice of right to sue from the Equal Employment Opportunity Commission ("EEOC") as required under 29 U.S.C. § 626(e) and as notified in the letter of dismissal. As such, Plaintiff's complaint is time barred.

4. Plaintiff's claim against the Defendants represented by this motion is additionally

barred because these Defendants were not named in or notified of Plaintiff's claim before the EEOC as required under 29 U.S.C. § 626(d).

     5.     Plaintiff's claim as to Defendant W.R. Cleland should be dismissed because of Plaintiff's failure to effect proper service of process on Cleland.

     6.     Plaintiff's claim as to the individuals R.G. Murphy and W.R. Cleland is barred because the ADEA does not support a claim against an individual defendant.

     7.     Plaintiff fails to plead any claim consistently with Federal Rule of Civil Procedure 8(a)(2).

     8.     Plaintiff requests a trial by jury, but has presented no justiciable claim and is not entitled to a jury trial under law.

WHEREFORE, Defendants, National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, R.G. Murphy and W.R. Cleland, respectfully request that this Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), award Defendants their costs in this action, and grant such other and further relief as this Honorable Court deems just and appropriate.

                                  McCHESNEY & DALE, P.C.


                                    /s/ Eric J. Wexler
                                  Eric J. Wexler (D.C. Bar #483338)
                                  4000 Mitchellvile Road
                                  Suite 222B
                                  Bowie, Maryland 20716
                                  (301) 805-6080
                                  Counsel for Defendants

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served by United States mail, first class postage pre-paid, on this 25th day of January, 2008, to:

      Dartagnan Howard
      268 Jeffer Drive
      Waggaman, Louisiana 70094


      Ellen O. Boardman
      O'Donoghue & O'Donoghue LLP
      4748 Wisconsin Avenue, N.W.
      Washington, DC  20016


                                      /s/ Eric J. Wexler

                                        Eric J. Wexler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARTAGNAN HOWARD, ) | |
| ) | |
| Plaintiff, ) | CASE NUMBER: 1:07-cv-02353-PLF |
| ) | |
| v. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF ELECTRICAL WORKERS #26 et al ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Defendants, National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, R.G. Murphy and W.R. Cleland, by counsel, pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby submit this memorandum in support of their motion to dismiss on the grounds: (i) that the claim of the Plaintiff Dartagnan Howard ("Plaintiff") is barred because he failed to file the Complaint within 90 days of receipt of letter of dismissal and notice of right to sue from the Equal Employment Opportunity Commission ("EEOC") as required under 29 U.S.C. § 626(e) and as notified in the letter of dismissal; (ii) that Plaintiff's claim against the above named Defendants is barred because these Defendants were not named in or notified of Plaintiff's claim before the EEOC as required under 29 U.S.C. § 626(d); (iii) that Plaintiff's claim as to Defendant W.R. Cleland is barred because of Plaintiff's failure to effect proper service of process on Cleland; (iv) that Plaintiff's claim as to the individuals R.G. Murphy and W.R. Cleland are barred because the ADEA does not support a claim against an individual defendant; and (v) that Plaintiff fails to plead any claim consistently with Federal Rule of Civil

Procedure 8(a)(2)**.** Defendant International Brotherhood of Electrical Workers #26 is represented by separate counsel.

## **STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to file a motion to dismiss for failure to state a claim in lieu of filing a responsive pleading. Such a motion can be made where an applicable limitations period is run as well as where the plaintiff has failed to set out facts sufficient to support a legal claim. *Lee v. Wolfson*, 265 F. Supp. 2d 14, 17 (D.D.C. 2003); *Williams v. Enterprise Leasing Co. of Norfolk/Richmond,* 911 F.Supp. 988, 992-93 (E.D.Va. 1995) ("Statutes of limitations defenses are appropriately raised in Rule 12(b)(6) motions to dismiss for failure to state a claim"), *citing Pantry Pride Enterprises, Inc. v. Glenlo Corp.,* 729 F.2d 963, 965 (4th Cir.1984); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (discussing the requirements for a Complaint under Rule 8(a) to withstand a 12(b)(6) motion). The standard for granting a 12(b)(6) motion is where "the plaintiff can prove no set of facts entitling [him] to the relief sought in the complaint." *Mills v. Home Equity Group, Inc.,* 871 F.Supp. 1482, 1484 (D.D.C. 1994); *U.S. v. BCCI Holdings (Luxembourg), S.A.*, 980 F.Supp. 21, 26 (D.D.C. 1997).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. *E.E.O.C. v. St. Francis Xavier Paraochial Sch.,* 117 F. 3d 621, 624-25 (D.C.Cir.1997). In addition, the Court must accept all facts pled in the complaint as true and construe them in the light most favorable to the plaintiff. *Mills*, 871 F.Supp. at 1484; *BCCI Holdings*, 980 F.Supp. at 26. However, the Court is not required to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *BCCI Holdings*, 980 F.Supp. at 26. Moreover, while a complaint does

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

A 12(b)(5) motion is the proper method for challenging the sufficiency of service of process. *Candido v. District of Columbia*, 242 F.R.D. 151, 158 (D.D.C. 2007).  A court should grant a defendant's 12(b)(5) motion to dismiss if the Plaintiff fails to serve a copy of the summons and complaint in satisfaction of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987) ("[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.")

### **STATEMENT OF ALLEGATIONS**

Plaintiff has attempted to allege causes of action for violation of the "Age Discrimination Act, conspiracy to violate the age discrimination act, retaliation against Plaintiff, conspiracy to retaliate against Plaintiff, 'failure to aid' Plaintiff, and failure to protect plaintiff from injury." However, Plaintiff does not provide any facts in support of these allegations.  Plaintiff states that jurisdiction is founded under Title VII of the Civil Rights Act of 1964; however, Plaintiff's claims appear to be predicated on an alleged violation of the Age Discrimination in Employment Act ("ADEA").  *See* 29 U.S.C. § 621, et seq.

Howard has attached as an exhibit to his complaint a copy of the Dismissal and Notice of Suit Rights from the Equal Employment Opportunity Commission, dated July 31, 2007, notifying

Plaintiff of his right to bring suit under the ADEA within 90 days of receipt. The United States District Court for the District of Columbia has marked this form as filed along with the Complaint on December 19, 2007.

Plaintiff's lawsuit names five defendants: International Brotherhood of Electrical Workers #26, National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, R.G. Murphy, and W.R. Cleland. The first of these, the International Brotherhood of Electrical Workers #26, is represented by separate counsel. Each of the others is represented by this firm. While service of process on National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, and R.G. Murphy are not contested, it does not appear that W.R. Cleland has been effectively served. Service on Cleland appears to have been attempted at the Joint Apprenticeship Training Committee of which Cleland was formerly Assistant Director. However, Cleland is no longer employed by the committee, and therefore has not received sufficient service of process.

## ANALYSIS

I. **Plaintiff's claims are barred because he failed to file the Complaint within 90 days of the letter of dismissal from the Equal Employment Opportunity Commission ("EEOC") as required under 29 U.S.C. § 626(e) and as notified in the letter of dismissal.**

The ADEA requires that a charge of unlawful discrimination be brought with the EEOC before filing a civil action. 29 U.S.C. § 626(d); *Schuler v. PricewaterhouseCoopers, LLP*, 457 F.Supp.2d 1, 5 (D.D.C. 2006); *Bryson v. Fluor Corp*. 914 F.Supp. 1292, 1294 (D.S.C. 1995). Under § 626(d)(2), a claimant is given 300 days to file such a charge. Any civil action must be filed within ninety days of receiving a "right to sue" letter from the EEOC. *See* 29 U.S.C. § 626(d)-(e). Accordingly, the limitations period for filing an administrative charge is 300 days, and the statute of limitations for a civil action is ninety days from the receipt of a right to sue

4

letter. *See Bryson* at 1294.  These provisions are analogous to those in Title VII, and the two are often consulted together. *See Price v. Greenspan*, 374 F.Supp.2d 177, 186 (D.D.C. 2005).

In addressing the 90 day requirement both under Title VII and the ADEA, this Court has held that it should be treated as statute of limitations.  *Price v. Greenspan*, 374 F.Supp.2d 177, 184 (D.D.C. 2005) ("The 90 day window operates not as a jurisdictional bar, but as a statute of limitations."); *see also Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982) ("The ninety-day period is not jurisdictional, but rather akin to a statute of limitations period"). For this same reason, a failure to meet this requirement is appropriately raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim*.  See Price* at 186; *see also Williams v. Enterprise Leasing Co. of Norfolk/Richmond*, 911 F.Supp. 988, 992 (E.D.Va. 1995); *Pantry Pride Enterprises, Inc. v. Glenlo Corp.,* 729 F.2d 963, 965 (4th Cir.1984); *Watts v. Graves,* 720 F.2d 1416, 1423 (5th Cir.1983).

In this case, the EEOC issued its denial letter on July 31, 2007, and may be presumed to have been received on August 3, 2007.  *See Griffin v. Acacia Life Ins. Co*., 151 F. Supp. 2d 78, 80 (D.D.C. 2001) (noting a presumption that the letter is received three days after mailing through regular mail), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148, n.1, 104 S. Ct. 1723, 1724 (1984); *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630 (4th Cir. 1999) (unpublished).  However, Howard did not file his complaint in the District Court until December 19, 2007.  The intervening period of 138 days is 48 days more than is allowed under the statute. As such, his claim is time barred.

**II.    Plaintiff's claim against the above named Defendants is barred because these Defendants were not named in or notified of Plaintiff's claim before the EEOC as required under 29 U.S.C. § 626(d).**

In addition to being time barred, Plaintiff's claim should be dismissed as to each of the Defendants represented in this motion for the reason that none were named in Plaintiff's charge before the EEOC. With regard to Title VII, this Court has held that part of the prerequisite of bringing a charge with the EEOC is to name each intended Defendant as a respondent. 42 U.S.C. § 2000e-5(f)(1); *Thompson v. International Ass'n of Machinists and Aerospace Workers,* 580 F. Supp. 662, 669 (D.D.C. 1984). Unpublished decisions in this circuit and opinions in other circuits have held this same requirement applicable to the ADEA. *Lindsey v. Rice*, F.Supp.2d, 2005 WL 3275918 (D.D.C. 2005) (unpublished); *Overgard v. Cambridge Book Co.,* 858 F.2d 371, 374 (7th Cir.1988); *Secrist v. Burns Intern. Sec. Services*, 926 F.Supp. 823, 825 E.D.Wis.,1996 ("In general, a party not named as a respondent in an EEOC charge may not be sued in a Title VII or ADEA action"). The purpose of this requirement has been recognized as imperative to allow the EEOC to enter into conciliatory negotiations with the parties. *See Thompson v. International Ass'n of Machinists and Aerospace Workers,* 580 F. Supp. 662, 669 (D.D.C. 1984); *Causey v. Balog,* 162 F.3d 795, 800 (4th Cir.1998).

In this case, Plaintiff has failed to properly plead compliance with the mandatory requirements of 29 U.S.C. § 626(d). *See Washington v. Wash. Metro. Area Transit Auth.,* 160 F.3d 750, 752 (D.C.Cir.1998) (noting the mandatory nature of the ADEA's administrative requirements); *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066 (1979) (same). He has failed to plead the requisite exhaustion of administrative remedies that would permit his complaint to state a justiciable claim. And as a matter of fact, Plaintiff never filed a charge with the EEOC naming any of the defendants who are filing this motion. Counsel, through counsel

for the International Brotherhood of Electrical Workers Local #26, have been made aware of a charge naming the International Brotherhood of Electrical Workers Local #26. This document is attached to this motion as Exhibit A.[1] However, the charge does not list any other of the Defendants represented in this motion. As such, should the Court find that Plaintiff's claim is not time-barred nor defeated by any of the other defenses raised in this motion, Plaintiff's claim specifically as to each of these Defendants, including the National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, R.G. Murphy and W.R. Cleland should be dismissed for failure to exhaust the administrative remedies that are predicate for the institution of an ADEA claim. *See Schuler v. PricewaterhouseCoopers, LLP*, 457 F.Supp.2d 1, 5 (D.D.C. 2006) (dismissing ADEA claim for failure to plead exhaustion of mandatory administrative remedies).

### III. Plaintiff's claim as to Defendant W.R. Cleland is barred because of Plaintiff's failure to effect proper service of process.

Returned along with this motion are an acknowledgment and receipt and summons for the National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, and Rich G. Murphy, all of for whom adequate service is acknowledged. However, the named Defendant W.R. Cleland has not acknowledged proper service. It appears that Plaintiff attempted to serve Cleland through the Joint Apprenticeship Training Committee, but in fact Cleland has retired as of March 2007 and no longer was employed by the Committee at this time. Without evidence of

---

[1] Defendant recognizes that the attachment of an exhibit could lead the Court to convert this motion into a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. It is included only for the Court's convenience, if either the Court would in its discretion take judicial notice of the charge, or should it deem this argument necessary for resolving the case. *See E.E.O.C. v. St. Francis Xavier Paraochial Sch.,* 117 F. 3d 621, 624-25 (D.C.Cir.1997) (noting that judicial notice may be used in resolving a motion under rule 12(b)(6)). Should the Court not deem the admission of this document necessary or subject to judicial notice, Defendants ask the Court to exclude it in accordance with rule 12(b).

proper service of Cleland, the complaint as to him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5). *See Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987).

### IV. Plaintiff's claim as to the individuals R.G. Murphy and W.R. Cleland are barred because the ADEA does not support a claim against an individual defendant.

In *Murphy v. PriceWaterhouseCoopers LLP,* this Court addressed the question of whether the ADEA supports a claim against an individual in either his personal or professional capacity, holding that it did not. 357 F.Supp.2d 230, 244 (D.D.C.2004)  The Court first noted a number of cases for the proposition that the ADEA does not provide for liability against individual defendants in their personal capacities. *See Amariglio v. Nat'l Railroad Passenger Corp.,* 941 F.Supp. 173, 178 (D.D.C.1996); *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir.1995) (Title VII)); *EEOC v. AIC Security Investigations,* 55 F.3d 1276, 1279-81 (7th Cir.1995); *Birkbeck v. Marvel Lighting Co.,* 30 F.3d 507, 510-11 (4th Cir.1994). The Court added that, "[b]ecause an official capacity suit against an individual is the functional equivalent of a suit against the employer," such claims are "redundant and an inefficient use of judicial resources." *Murphy* at 244, *citing Cooke-Seals v. District of Columbia,* 973 F.Supp. 184, 187 (D.D.C.1997). As such, the Court granted the defendants' motion in that case to dismiss the ADEA claims against all of the individual defendants.

For the same reason, Plaintiff's claim in this case against R.G. Murphy and W.R. Cleland are unsupported and redundant under the ADEA, as the organizations through which Murphy and Cleland are named in their professional capacities are already named defendants. Plaintiff's claims against these two defendants should therefore additionally be dismissed for this reason.

### V. Plaintiff fails to plead or allege the necessary elements of any claim consistently with Federal Rule of Civil Procedure 8(a)(2).

Because of its reference to the "Age Discrimination Act" and its reference to jurisdiction under Title VII of the Civil Rights Act of 1964, Defendants presume from Plaintiff's complaint that it is one for age discrimination under the Age Discrimination in Employment Act. It may be noted that claims for retaliation and conspiracy to retaliate are cognizable under the ADEA and have also been dismissed for failure to meet the 90 day limitations period. *See Price v. Greenspan*, 374 F.Supp.2d 177, 186 (D.D.C. 2005). However, Plaintiff's complaint proffers no facts or explanation of the basis for any of these claims.

In accordance with rule 12(b)(6), Plaintiff's complaint should be dismissed for this reason. As the Supreme Court has stated, a Plaintiff is obligated under rule 8(a) to provide the grounds of his entitlement to relief in a format containing more than "labels and conclusions." *Lutz v. U.S.*, No. 06-1177, 2007 U.S. Dist. LEXIS 48114, at *4 (D.D.C. July 5, 2007); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Without any statement as to what facts or circumstances led to Plaintiff's charges, nor any of the charges listed in the complaint, the complaint should be dismissed pursuant to rule 12(b)(6) for failure to state a claim on which relief may be granted.

### CONCLUSION

For the foregoing reasons, Defendants National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, R.G. Murphy and W.R. Cleland, by counsel, submit that Plaintiff's complaint should be dismissed in accordance with rules 12(b)(5) and 12(b)(6) of the

Federal Rules of Civil Procedure. For the same reason, Plaintiff's demand for a jury trial should be denied.

                        McCHESNEY & DALE, P.C.

                         /s/ Eric J. Wexler
                        Eric J. Wexler (D.C. Bar #483338)
                        4000 Mitchellvile Road
                        Suite 222B
                        Bowie, Maryland 20716
                        (301) 805-6080
                        Counsel for Defendants

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served by United States mail, first class postage pre-paid, on this 25th day of January, 2008, to:

      Dartagnan Howard
      268 Jeffer Drive
      Waggaman, Louisiana 70094

      Ellen O. Boardman
      O'Donoghue & O'Donoghue LLP
      4748 Wisconsin Avenue, N.W.
      Washington, DC  20016


                                     /s/ Eric J. Wexler

                                      Eric J. Wexler

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DARTAGNAN HOWARD,           ) | |
| )                             | |
| Plaintiff,       ) | CASE NUMBER: 1:07-cv-02353-PLF |
| )                             | |
| v.                          ) | |
| )                             | |
| INTERNATIONAL BROTHERHOOD   ) | |
| OF ELECTRICAL WORKERS #26 et al ) | |
| )                             | |
| Defendants.     ) | |

## ORDER

This matter having come before the Court upon the Motion of Defendants National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, R.G. Murphy and W.R. Cleland to Dismiss Plaintiff's Complaint, the opposition and reply thereto, and the Court being fully advised on the premises, that is by the Court this _____ day of _____, 2008.

IT APPEARING that Plaintiff's Motion was not timely filed pursuant to the requirements of 29 U.S.C. § 626(e);

IT APPEARING that the Defendants National Electrical Contractors Association, Inc., Joint Apprenticeship Training Committee, R.G. Murphy and W.R. Cleland have not been named in a charge before the EEOC as required under 29 U.S.C. § 626(d);

IT APPEARING that effective service of the Defendant W.R. Cleland has not been established;

IT APPEARING that Plaintiff's claims against the individuals R.G. Murphy and W.R. Cleland are not supported under the ADEA; and

IT APPEARING that Plaintiff has failed to plead any claim in compliance with Federal Rule of Civil Procedure 8(a)(2);

IT IS HEREBY ORDERED, that the said Motion be, in the same hereby is GRANTED; and it is further,

ORDERED, that the Complaint in this action is dismissed with prejudice.

                                           Paul L. Friedman, Judge
                                           United States District Court

Copies to:

William P. Dale
4000 Mitchellville Road
Suite B222
Bowie, MD  20716
Counsel for Defendants

Ellen O. Boardman
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
Counsel for Defendant


Dartagnan Howard
268 Jeffer Drive
Waggaman, Louisiana 70094
Plaintiff